IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>BLUE MOON DINER, LLC,<br><br>              Defendant. | CIV - _____<br><br>**COMPLAINT** |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices including discrimination based on religion and to provide appropriate relief to Charging Party Samantha Bandy, who was adversely affected by such practices during her employment with Defendant Blue Moon Diner, LLC. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that Blue Moon failed to accommodate Ms. Bandy's religious beliefs and practices of wearing a hijab and constructively discharged Ms. Bandy by making her choose between her religious practices and Blue Moon's requirements.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e-5 (f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. At all relevant times, the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Blue Moon has been a New Mexico limited liability company continuously doing business in Farmington, New Mexico, and has continuously employed at least 15 employees.

5. At all relevant times, Blue Moon has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

## GENERAL ALLEGATIONS

6. More than thirty days prior to the institution of this lawsuit, Samantha Bandy filed a charge with the Commission alleging Blue Moon violated Title VII.

7. After investigation, on February 9, 2018, the Commission issued Blue Moon a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Blue Moon to join with the Commission in informal methods of

conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Blue Moon to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Blue Moon a conciliation agreement acceptable to the Commission.

10. On April 9, 2018, the Commission issued Blue Moon a Notice of Failure of Conciliation advising Blue Moon that the Commission was unable to secure an acceptable conciliation agreement.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least April 1, 2016, Blue Moon has engaged in unlawful employment practices at its Farmington restaurant in violation of Title VII.

13. Blue Moon operates a restaurant described as offering a 50's-themed American diner and ice cream shop in Farmington, New Mexico.

14. Blue Moon has approximately twenty-six employees.

15. At all times relevant to this lawsuit, Blue Moon Diner LLC was owned and operated by Mike Ulrich and Christi Ulrich.

16. At some point in time relevant to this lawsuit, Christi Ulrich served as the Human Resource Manager for Blue Moon.

17. Mike Ulrich was directly responsible for the day-to-day operations of the Blue Moon restaurant, including all hiring and firing decisions and daily supervision of all employees.

18. Samantha Bandy is Muslim. Because of her religious beliefs, she has worn a headscarf, or hijab, in public every day since she was 12 years old. Her religious beliefs require her hijab to cover her head, her neck, and her hair completely.

19. Samantha Bandy saw a "Now Hiring" sign in Blue Moon's window, and she went inside and completed an employment application on April 1, 2016.

20. Also on April 1, 2016, after completing her application for employment, Samantha Bandy met Mike Ulrich. He interviewed her for the open position of hostess/cashier.

21. In accord with her faith, Samantha Bandy was wearing her head scarf when she applied at the Blue Moon.

22. During her interview on April 1, 2016, Samantha Bandy told Mike Ulrich she wore the head scarf for religious reasons.

23. Because Samantha Bandy believed Mike Ulrich was staring at her hijab, Bandy volunteered that she could tuck it in to her clothing or tie it back while working.

24. Samantha Bandy believed that wearing a bandana would not adequately cover the back of her head, her neck, or all of her hair. Wearing a bandana would therefore conflict with her religious beliefs, and Samantha Bandy never agreed to wear a bandana at Blue Moon.

25. Mike Ulrich hired Samantha Bandy for a part-time position of hostess/cashier upon conclusion of their interview.

26. During Samantha Bandy's first three weeks of employment, Mike Ulrich openly displayed his concern with her hijab and verbally counseled her at least four times about the length of her head scarf.

27. Samantha Bandy believed she was being disciplined each time Mike Ulrich verbally counseled her about the length of her head scarf, and she was worried about keeping her job.

28. During each verbal counseling, Mike Ulrich instructed Samantha Bandy to wear a bandana at work instead of the hijab she was wearing.

29. Samantha Bandy did not agree to wear a bandana during any of the verbal counselings because wearing a bandana conflicted with her religious beliefs as it would not adequately cover the back of her head and all of her hair.

30. In one of Mike Ulrich's meetings with Samantha Bandy about her head scarf, he repeated a co-worker's story about a customer who had loudly warned her granddaughter to watch out for people dressed like Bandy because they were possible terrorists and bomb-throwers.

31. On April 26, 2016, Mike Ulrich called Samantha Bandy into his office during her shift and told her that she would need to take off her "long" headscarf and instead wear a small bandana. Mr. Ulrich said he did not want her to report to work again wearing a long head scarf.

32. In the April 26 meeting, Mike Ulrich brought up the grandmother and granddaughter customer incident and told Samantha Bandy the head scarf was "too Muslim for Farmington."

33. Samantha Bandy felt compelled to resign after this meeting because she either had to resign or wear a head covering that conflicted with her religious beliefs.

34. Samantha Bandy was upset and crying after the April 26 meeting with Mike Ulrich because his repeated insistence on a bandana instead of a hijab forced her to choose between her job and her religious practices.

35. During her April 26, 2016 shift, Samantha Bandy told her co-workers she was leaving Blue Moon because of Mike Ulrich's demand that she wear a bandana instead of her head scarf.

36. Samantha Bandy's did not return to work after April 26, 2016, the day of her last meeting with Mike Ulrich, because he demanded that she wear a head covering that conflicted with her religious beliefs.

## FIRST CLAIM FOR RELIEF

[Failure to Accommodate Religious Beliefs/Practices – 42 U.S.C. §§2000e(j) and 2000e-2(a)]

37. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

38. Samantha Bandy is Muslim and belongs to a class protected by Title VII.

39. Blue Moon was aware that Samantha Bandy held a religious belief and had a religious practice requiring her to wear a hijab or other suitable head scarf covering her head, her neck, and her hair.

40. Samantha Bandy's request to wear a hijab while working for Blue Moon was based on sincerely held religious beliefs and practices.

41. Samantha Bandy's request to wear a hijab conflicted with Blue Moon's repeated demand that she wear a bandana that would not adequately cover her hair.

42. Samantha Bandy's refusal to wear a bandana instead of her hijab notified Blue Moon of the conflict between its demands and her religious beliefs requiring her to wear a hijab that adequately covered her head, her neck, and her hair.

43. Blue Moon would not allow Samantha Bandy to wear a head covering that complied with her religious beliefs.

44. Blue Moon did not accommodate Samantha Bandy's religious beliefs.

45. Blue Moon constructively discharged Samantha Bandy because she could not comply with Blue Moon's requirement that she wear a head covering that conflicted with her religious beliefs.

46. Blue Moon admitted during the EEOC investigation it could have accommodated Samantha Bandy's religious beliefs.

47. Blue Moon would not suffer an undue hardship if it accommodated Samantha Bandy's religious beliefs and practices.

48. The unlawful employment practices described above were intentional.

49. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Samantha Bandy.

50. As a result of the events and actions described above, Samantha Bandy was deprived of equal employment opportunities, suffered emotional distress, and was

otherwise adversely affected because of her religion, her religious beliefs, and her religious practices.

## SECOND CLAIM FOR RELIEF

[Constructive Discharge Because of Religion– 42 U.S.C. 2000e-2(a)]

51. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

52. Beginning in April 2016, Blue Moon discriminated against Samantha Bandy in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by constructively discharging her because of her religion.

53. Samantha Bandy is Muslim, and she had a sincere religious belief that she needed to wear a hijab that adequately covered her hair.

54. Samantha Bandy was qualified to perform the job of hostess/cashier, and she performed her duties in a satisfactory manner.

55. On April 26, 2016, Blue Moon told Samantha Bandy that she could not continue to come to work wearing her head scarf. Blue Moon told her she had to wear a bandana instead.

56. The working conditions created by the unlawful actions alleged in the preceding paragraphs became so intolerable that a reasonable Muslim employee would not have continued to subject herself to choose between her religion and her employment.

57. Blue Moon constructively discharged Samantha Bandy based on her religion, religious practices, and religious beliefs on April 26, 2016.

58. The circumstances surrounding Samantha Bandy's constructive discharge gives rise to an inference that Blue Moon discriminated against her because of her religion.

59. The unlawful employment practices described above were intentional.

60. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Samantha Bandy.

61. As a result of the events and actions described above, Samantha Bandy was deprived of equal employment opportunities, suffered emotional distress, and was otherwise adversely affected because of her religion, her religious beliefs, and her religious practices.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Blue Moon, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination against employees because of religion and any other employment practice which discriminates on the basis of religion.

B. Order Blue Moon to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslim women and which eradicate the effects of their past and present unlawful employment practices, including religious discrimination.

C. Order Blue Moon to make whole Samantha Bandy by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of Blue Moon's unlawful employment practices, including, but not limited to, reinstatement and/or front pay in lieu of reinstatement.

  D. Order Blue Moon to make whole Samantha Bandy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, and other pecuniary losses in amounts to be determined at trial.

  E. Order Blue Moon to make whole Samantha Bandy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

  F. Order Blue Moon to pay Samantha Bandy punitive damages for Blue Moon's malicious and/or reckless conduct described above, in amounts to be determined at trial.

  G. Grant such other and further relief as the Court deems just, necessary, equitable, and proper in the public interest.

  H. Award the Commission its costs in this action.

DATED June 18, 2018.

          JAMES L. LEE
          Acting General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          1801 L Street, NW
          Washington, D.C.  20507

MARY JO O'NEILL
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012


*/s/ Loretta Medina*
LORETTA MEDINA
Supervisory Trial Attorney

*/s/ Jeff A. Lee*
Jeff A. Lee
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5210
jeff.lee@eeoc.gov
Attorneys for Plaintiff

11