IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION,

               Plaintiff,              No. CV 18-00567 JB\SCY

    v.

BLUE MOON DINER, INC.,

               Defendant.

## CONSENT DECREE

## I. RECITALS

1.    This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Blue Moon Diner, Inc. unlawfully discriminated against Samantha D. Bandy by failing to accommodate Ms. Bandy's religious practices of wearing a hijab and constructively discharged Ms. Bandy by making her choose between her religious practice or her employer's requirements in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2.    The Parties signatory hereto are the Plaintiff EEOC, and the Defendant Blue Moon Diner, Inc.

3.    The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.     For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.   JURISDICTION

6.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

## III.   TERM AND SCOPE

7.     **Term:** The duration of this Decree shall be two (2) years from the date of signing by the Court.

8.     **Scope:** The terms of this Decree shall apply to Blue Moon Diner, Inc.

## IV.   ISSUES RESOLVED

9.     This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charge of Discrimination Number 543-2017-00112C, filed by Samantha D. Bandy.

10.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with it, or them, will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree in full.

## V.     MONETARY RELIEF

11.     Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $ 25,000.00.

12.     Defendant will not condition the receipt of individual relief upon Samantha D. Bandy's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position with Defendant.

13.     To resolve these claims, Defendant shall pay a total of $25,000.00, allocated as follows:

      **a.**   Bandy shall receive back pay of $ 2,500.00.

      **b.**   Bandy shall receive compensatory damages of $ 22,500.00.

The Commission retains the sole discretion to apportion amounts between back pay and compensatory damages. Based on a W4 form provided by Ms. Bandy, Defendant shall make appropriate deductions from the back-pay portion of Ms. Bandy settlement, and provide her a letter itemizing the deductions. Defendant shall pay all employer-required payroll taxes and shall not deduct its share from the payments to Ms. Bandy.  For amounts designated as compensatory damages payable to Ms. Bandy, Defendant shall make no deductions, and shall issue a form 1099 to Ms. Bandy.

14.     The payments required under this Decree shall be mailed to Samantha D. Bandy within fifteen (15) business days after the Court's entry of the Consent Decree, and mailed to the address provided by the EEOC.

15.     Within three (3) business days after payments are mailed to payee, Defendant shall submit to EEOC a copy of the checks issued.

## VI.     OTHER INDIVIDUAL RELIEF

16.     To the extent necessary, Defendant shall expunge from Samantha D. Bandy's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Ms. Bandy's participation in this

action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies or other deficiencies documented after Ms. Bandy was terminated from her employment or filed a charge of discrimination.

17.   Defendant shall expunge its termination documentation from Samantha D. Bandy's records.

18.   Within ten (10) days after entry of this Decree, Defendant shall provide a letter of reference to Samantha D. Bandy on company letterhead in the form attached as Exhibit A.

## VII.  EQUITABLE RELIEF

**A.   <u>Injunctive Relief</u>**

19.   Defendant, their officers, agents, successors and any other persons in active concert or participation with them, are permanently enjoined from engaging in any employment practice which constitutes discrimination on the basis of religion as defined by Title VII.

20.   Defendant, their officers, agents, successors and any other persons in active concert or participation with it or them, are permanently enjoined from engaging in any practice that constitutes reprisal or retaliation against any person because of such person's opposition to a practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended.,  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.   <u>EEO Policy Review</u>**

21.   Within sixty (60) calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination

law ("Consultant"), review its existing EEO policies and practices to conform with the law and revise, if necessary.

22.    The written EEO policies must include at a minimum:

   a.    A strong and clear commitment to preventing unlawful religious discrimination;

   b.    A clear and complete definition of disparate treatment based on religion;

   c.    A clear and complete definition of the employer's obligation to reasonably accommodate religious practices and beliefs of employees unless accommodation would cause an undue hardship to the employer;

   d.    A statement that discrimination based on religion or for seeking religious accommodation is prohibited and will not be tolerated;

   e.    A clear and strong encouragement of persons who believe they have been discriminated against to report such concerns;

   f.    The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about religious accommodation, discrimination, harassment, or retaliation;

   g.    An assurance that Defendant will investigate allegations of unlawful discrimination promptly, fairly, reasonably and effectively, using appropriate investigators, and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct;

   h.    A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's EEO and anti-discrimination policies;

   i.    A promise of maximum feasible confidentiality for persons who request a religious accommodation, report unlawful discrimination, harassment, and/or retaliation,

or who participate in an investigation into allegations of discrimination, harassment and/or retaliation; and

j.     An assurance of non-retaliation for witnesses or persons who report unlawful discrimination, harassment and/or retaliation, request a religious accommodation.

23.     The written EEO policies, reviewed and revised under Paragraphs 22 above, shall be posted in a prominent location frequented by employees, in all Defendant's facilities in the State of New Mexico and distributed to each current employee within ninety (90) calendar days of the Court's entry of the Consent Decree. The written EEO policies shall be distributed to all new employees when hired.  Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

C.     **Religious Accommodation Guidance**

24.     Defendant shall adopt and maintain a written policy that will address how religious accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment.  As to all managers or supervisors who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for religious accommodation, the policy must set forth the role of each manager under the hiring process or under the process for considering religious accommodations for applicants or employees.  The policy must provide written guidance on how to determine what is a reasonable accommodation based on religious belief or practices, including mandatory participation in the interactive process with the applicant/employee.  Defendant shall implement a written accommodation request form for applicants and employees which shall include a space designated for Defendant to acknowledge in writing (a) receipt of the request for

accommodation, (b) whether the accommodation was granted, and (c) if the accommodation was not granted, an explanation why the accommodation was refused. During the term of this Decree, the Commission will be requiring reporting of requests for Accommodation, see paragraphs 27, 33 and 34 below.

25.    The policy must be distributed to all employees in accordance with the procedures above regarding EEO policy distribution in Paragraph 23.  Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of the Religious Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

**D.    <u>Training</u>**

26.    At least annually, Defendant shall provide EEO training for all its employees.  Under this provision, employees will be trained at a minimum in the following areas: (a), what constitutes employment discrimination, including discrimination based on religion; (b) what constitutes retaliation for reporting discrimination or seeking a religious accommodation; (c) the Defendant's policy and procedures for reporting alleged discrimination; (d) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (e) the penalties of engaging in discriminatory or retaliatory behavior; (f) Defendant's non-retaliation policy; and (g) Defendant's procedures for handling requests for religious accommodation.   All training under this Paragraph 26 shall be at Defendant's selection and expense.  Training shall be by live presentation. The training will be conducted as follows:

   a.    **Non-Managerial Employees**

   Defendant will provide non-managerial employees at least four (4), thirty-minute (30-minute), quarterly meetings at each of its locations.  Attendance will be mandatory for every employee on the days of such training. At least four (4) of these meetings will

focus on discrimination based on religion.  Training shall include clear instruction in how an employee is to notify Defendant if he or she has suffered from or witnessed discrimination or retaliation.  Defendant agrees that said training will also counsel employees on the penalties of engaging in such discriminatory or retaliatory behavior. Defendant may select a qualified trainer, such as a private trainer vendor, a trained human resource official, or trained and qualified manager to conduct this training for non-managerial employees.  If Defendant elects to select a manager or supervisor to perform the non-managerial training required by this paragraph, the assigned manager must have received the training required by Paragraphs 26.2 and 26.4 of this Decree before conducting any non-managerial training.

**b.      Managerial and Supervisory Employees**

Defendant will require all individuals, including owners, who work in a managerial or supervisory capacity or who have authority to hire, fire, or discipline employees, to receive at least eight (8) hours of training annually regarding Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act and other federal anti-discrimination laws. Four (4) of those hours must be devoted to discussing discrimination based on religion and retaliation.  Defendant shall further designate at least four (4) of the remaining eight (8) hours for the instruction of managerial and supervisorial employees in the proper methods of receiving, communicating, and investigating complaints of discrimination, the proper methods of receiving, communicating, and handling requests for religious accommodation, and ameliorating the effects of any such discrimination. Defendant shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to discriminate,

either consciously or because they rely on subconscious stereotypes; that they must to be sensitive of how their actions or words might be perceived by subordinate employees; and that they must avoid the temptation to retaliate if a complaint is made, or might be made, against them.  Defendant will also require employees who are newly hired or promoted into a managerial or supervisory position to complete the requisite eight (8) hours of discrimination-related training within ninety (90) days of being hired or promoted. The training required under this paragraph shall be conducted at Defendant's selection and expense by a qualified outside vendor.

c.      **Training the Trainers:**  Any supervisor, manager, or human-resources employee with responsibility for training other employees under Paragraph 25.2 above, will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials.  The training under this Paragraph 25.3 shall be conducted at Defendant's selection and expense by qualified outside vendors.

d.      **Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination, shall be provided four (4) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of antidiscrimination law.  The training under this Paragraph 25.4 shall be conducted at Defendant's selection and expense by qualified outside vendors.

e.      **Training on Requests for Religious Accommodation:**  All employees with

responsibility with participating in any way with the hiring process or in any way with responsibility for accepting or processing requests for religious accommodation, shall be provided three (3) additional hours of training instruction for receiving and processing requests for religious accommodation, including such matters as engaging the interactive process, and communicating efforts to provide an accommodation to the applicant or employee. This training under this paragraph 26 shall be conducted at Defendant's selection and expense by qualified outside vendors.

27.     The first such training session for each employee group identified in Paragraph 26 above, will take place within sixty (60) calendar days after the Court's entry of this Decree.  All personnel shall both register and attend the seminar training sessions.  In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, the individuals in attendance, and identify the individuals providing the training.

28.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with thirty (30) days advance notice that a training session will be conducted.

E.      **EEO Compliance as a Component of Management Evaluation**

29.     Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this decree, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting discrimination and retaliation, and compliance with this Decree as factors which shall

be used to evaluate all managerial employees, including but not limited to all managers, co-managers, assistant managers and district or regional managers responsible for Defendant's facilities in the United States, including all managers, employees and contacts working in the human resources department. Defendant shall also, within sixty (60) days of the entry of this Decree, and at least continuously for the duration of this decree, advise managerial officials of Defendant's facilities that any prospective amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

**F.**     **Posting of Notice**

**30.**     Within ten (10) business days after the Court's entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities or locations of operation in the United States, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will immediately replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### VIII.  Record Keeping and Reporting Provisions

**31.**     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including all of the following:

    **a.**     Personnel files;

    **b.**     Payroll records;

- 11 -

c.     Job Postings;

d.     Work schedules;

e.     Complaints of discrimination based on religion and records documenting investigation of such complaints, including witness statements, documents compiled, findings, and remedial steps; and

f.     Requests for religious accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided and what interactive process was undertaken.

32.     The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree.

33.     Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree.  The reports shall be due thirty (30) calendar days following the respective six -month period, except the final report which shall be submitted to the Commission at least eight (8) weeks prior to the date on which the Consent Decree is to expire.

34.     **Reporting Requirements:**  Each report shall provide the following information:

a.     **Reports of Discrimination**

For purposes of this Paragraph 33, the term "Report of Discrimination" will include any written or verbal complaint which alleges discrimination, or the witnessing of discrimination, based on religion or the failure to accommodate religious beliefs or practices, which report or complaint is recognized by a supervisor or manager as presenting an allegation of discrimination or failure to accommodate, even if such terminology is not used by the complainant.  The report will include:

1. The name, address and telephone number of each person making a Report of Discrimination (as defined) to Defendant or to any federal, state, or local government agency.

2. The name, address and telephone number of each person identified as a potential witness to the incident of discrimination or retaliation.

3. A brief summary of each Report of Discrimination, including the date of the Report, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the Report, the name of the person who investigated or responded to the Report, and what, if any resolution was reached; and

4. Copies of all documents memorializing or referring to the Report, investigation, and/or resolution thereof.

b. **Training**

1. For each training program required under Paragraph 26, and conducted during the reporting period, Defendant shall submit a registry of attendance.

2. For each training program required under Paragraph 26 that is provided off-site from Defendant's facilities, and completed during the reporting period, Defendant shall provide a certificate of completion.

3. For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

4. For each training program conducted by a vendor not affiliated with

Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

c.      **Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 30 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

d.      **Policy Review:**  Defendant shall report on the status of the EEO policy review process required above.

e.      **Religious Accommodation Guidance**:  Defendant shall report on the status of Defendant's implementation of Religious Accommodation Guidance as required under Paragraph 26, above.

f.      **Requests for Religious Accommodation:**  For purposes of this Paragraph, the term "Request for Religious Accommodation" will include any written or verbal request for accommodation of an individual's beliefs, customs, or practices based on religion. The report shall include:

1.      The name, address and telephone number of each person making a request for accommodation to the Defendant.

2.      A brief summary of each request for accommodation, including the following:  the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted,  and if not, an explanation of the reasons for denying the request; whether any other accommodation was provided, and if so, what accommodation was provided, and an explanation of the

reasons for providing that accommodation.

    3.    Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, and records documenting any investigation undertaken and/or accommodation provided.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**35**.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**36.**    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**37.**    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**38**.    Absent extension, this Decree shall expire by its own terms at the end of the twenty-fourth month from the date of entry, without further action by the Parties.

## X. EEOC AUTHORITY

**39.**    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

40.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

41.     Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:


For Plaintiff:

Loretta Medina
Jeff Lee
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New México 87102-2189
Telephone: (505) 248-5210
Loretta.Medina@eeoc.gov
Jeff.Lee@eeoc.gov

*Attorneys for Plaintiff*

For Defendant:

Michael Ulrich, President
BLUE MOON DINER
1819 E. 20th St., Ste. B
Farmington, NM 87401
(505) 324-0001
thebluemoondiner@gmail.com

J. Edward Hollington, Esq.
708 Marquette Ave. NW
Albuquerque NM 87102
(505) 843-9171
(505) 843-7027 (fax)
edward708@aol.com

*Attorneys for Defendant*


## XIII.  SIGNATURES

41.     The parties agree to the entry of this Decree subject to final approval by the Court.

_____
UNITED STATES DISTRICT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY                    BLUE MOON DINER, INC.
COMMISSION

By: _____                    By: _____
        Mary Jo O'Neill                                 Mike Ulrich, President,
        Regional Attorney                               Blue Moon Diner, Inc.

Date: _____                   Date: _____


APPROVED AS TO FORM:

_____                         _____
Loretta Medina                                   J. Edward Hollington, Esq.
Supervisory Trial Attorney                       708 Marquette Ave. NW
Jeff Lee                                         Albuquerque NM 87102
Senior Trial Attorney                            (505) 843-9171
EQUAL EMPLOYMENT OPPORTUNITY                      (505) 843-7027 (fax)
COMMISSION                                       edward708@aol.com
Albuquerque Area Office
505 Marquette NW, Suite 900
(505) 248-5230
(505) 248-5210
Loretta.median@eeoc.gov
Jeff.lee@eeoc.gov

Attorneys for Plaintiff                          Attorneys for Defendant

**EXHIBIT A (Letter of Reference)**

RE:    Blue Moon Diner, Inc.

To Whom It May Concern:

On behalf of Blue Moon Diner, Inc., I am providing this letter of reference on behalf of Samantha Bandy who was employed at our Blue Moon Diner in Farmington, New Mexico ending in April 2016. While she was with us at Blue Moon, Samantha was a hard worker in her position as a hostess/cashier. We wish her success in your future endeavors.

                         Sincerely,

                         _____

                         Mike Ulrich, President
                         Blue Moon Diner, Inc.

**EXHIBIT B (Notice)**

## <u>NOTICE</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Blue Moon Diner, Inc.</u>, filed in the United States District Court for the District of New Mexico, Civil Action No. 1:18-cv- 00567-JB-SCY.

The management of Blue Moon Diner, Inc. wishes to emphasize the Company's fundamental policy of providing equal employment opportunity across all fields of operations and areas of employment.  Blue Moon Diner, Inc. seeks to ensure that there shall be no discrimination against any employee, or any applicant for employment, on the grounds of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history. This policy extends to all terms, conditions and privileges of employment, including decisions regarding firing, hiring and compensation.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate on the basis of religion, including discrimination because an employee requests religious accommodation.  Further, it is unlawful for an employer to retaliate against an employee because he or she has reported discrimination, opposed discriminatory employment practices, or because he or she filed a charge of discrimination with the company or any municipal, state or federal agency, or participated in the investigation or prosecution of a complaint of discrimination.

Blue Moon Diner, Inc. respects the rights of its employees and applicants to work in an environment free from discrimination.  Accordingly, Blue Moon Diner, Inc. reaffirms their commitment to complying with the strictures Title VII, and reiterates that it is our policy to prohibit all discrimination based on any protected basis, including religion or the need for religious accommodation. The company also forbids any form of retaliation against individuals who complain of, or who serve as witnesses against, discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history, has the right to contact the EEOC directly at 1-800-669-4000.  In compliance with federal law, no official at Blue Moon Diner, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

BLUE MOON DINER, Inc.

By:_____
                                                                    Date

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: __11/27/18__

BLUE MOON DINER, INC.

By: _____
Mike Ulrich, President,
Blue Moon Diner, Inc.

Date: __11/16/18__

APPROVED AS TO FORM:

_____
Loretta Medina
Supervisory Trial Attorney
Jeff Lee
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
(505) 248-5230
(505) 248-5210
Loretta.median@eeoc.gov
Jeff.lee@eeoc.gov

Attorneys for Plaintiff

_____ 11/24/18
J. Edward Hollington, Esq.
708 Marquette Ave. NW
Albuquerque NM 87102
(505) 843-9171
(505) 843-7027 (fax)
edward708@aol.com

Attorneys for Defendant

17

**EXHIBIT A (Letter of Reference)**

RE:    Blue Moon Diner, Inc.

To Whom It May Concern:

On behalf of Blue Moon Diner, Inc., I am providing this letter of reference on behalf of
Samantha Bandy who was employed at our Blue Moon Diner in Farmington, New Mexico
ending in April 2016. While she was with us at Blue Moon, Samantha was a hard worker in her
position as a hostess/cashier. We wish her success in your future endeavors

Sincerely,

Mike Ulrich, President
Blue Moon Diner, Inc.

18

**EXHIBIT B (Notice)**

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Blue Moon Diner, Inc., filed in the United States District Court for the District of New Mexico, Civil Action No. 1:18-cv- 00567-JB-SCY.

The management of Blue Moon Diner, Inc. wishes to emphasize the Company's fundamental policy of providing equal employment opportunity across all fields of operations and areas of employment.  Blue Moon Diner, Inc. seeks to ensure that there shall be no discrimination against any employee, or any applicant for employment, on the grounds of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history. This policy extends to all terms, conditions and privileges of employment, including decisions regarding firing, hiring and compensation.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate on the basis of religion, including discrimination because an employee requests religious accommodation.  Further, it is unlawful for an employer to retaliate against an employee because he or she has reported discrimination, opposed discriminatory employment practices, or because he or she filed a charge of discrimination with the company or any municipal, state or federal agency, or participated in the investigation or prosecution of a complaint of discrimination.

Blue Moon Diner, Inc. respects the rights of its employees and applicants to work in an environment free from discrimination.  Accordingly, Blue Moon Diner, Inc. reaffirms their commitment to complying with the strictures Title VII, and reiterates that it is our policy to prohibit all discrimination based on any protected basis, including religion or the need for religious accommodation. The company also forbids any form of retaliation against individuals who complain of, or who serve as witnesses against, discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history, has the right to contact the EEOC directly at 1-800-669-4000.  In compliance with federal law, no official at Blue Moon Diner, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

BLUE MOON DINER, Inc.

By:_____

                                               Date